# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK ALAN SALTZER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:14-cv-00451-BLW<br>　　　　　1:13-cr-00172-BLW-1<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

This case is before the Court on an order of remand from the United States Court of Appeals for Ninth Circuit. Civ. Dkt. 32. The Ninth Circuit asks this Court to determine whether Mark Allan Saltzer ("Saltzer") is entitled to a certificate of appeal stemming from this Court's denial of his Motion for Relief from the Court's December 8, 2015 Memorandum Decision and Order and Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Civ. Dkt. 29. For the following reasons, the Court concludes that a certificate of appealability will not issue.

## BACKGROUND

In August of 2012, Saltzer was arrested and charged in state court with ten counts of Sexual Exploitation of Children—each of which carried a maximum punishment of thirty years in prison. *Dec. 8, 2015 Mem. Decision and Order* at 1, Civ. Dkt. 14.

**MEMORANDUM DECISION AND ORDER - 1**

Saltzer's lawyer, Charles Peterson, negotiated a deal on Saltzer's behalf whereby Saltzer would cooperate fully with federal investigators, and plead guilty to the federal charges. *Id.* at 2. In exchange, the state charges were dismissed. *Id.* On July 30, 2013, pursuant to a Rule 11(c)(l)(B) plea agreement, Saltzer pleaded guilty to an Information that charged him with one count of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a). *Id.* On November 12, 2013, Saltzer was sentenced by the Court to 348 months' incarceration, based on a guideline range of 324-360 months, followed by 20 years of supervised release. *Id.* at 3.

Saltzer did not file an appeal from the sentence, but instead, on October 23, 2014, brought a 28 U.S.C. § 2255 motion to vacate his sentence based upon a claim of eight grounds of ineffective assistance of counsel. *Id.* (*see* Civ. Dkt. 1 and Crim. Dkt. 49). On December 8, 2015, this Court denied Saltzer's § 2255 motion and declined to issue a certificate of appealability. *Id.* at 28; *see also Dec. 16, 2015 Judgment*, Civ. Dkt. 16. Saltzer then sought a certificate of appealability from the Ninth Circuit, which was denied, and then a writ of certiorari from the Supreme Court, which was also denied. Civ. Dkts. 20 and 22.

On March 20, 2017, Saltzer filed a motion under Rule 60(b) seeking relief from the Court's December 8, 2015 decision. Civ. Dkt. 23. The Court denied Saltzer's motion on two grounds. Civ. Dkt. 29. First, the Court concluded that it lacked jurisdiction because Saltzer's Rule 60(b) motion was in fact a thinly "disguised second or successive motion under § 2255." Civ. Dkt. 29 (citation omitted). Second, the Court concluded that

Saltzer's motion failed on the merits to entitle him to relief under Rule 60(b). *Id.* At bottom, the Court identified the following flaw in Saltzer's motion: even if the Court accepted all Saltzer's allegations regarding improperly withheld evidence and ineffective assistance of counsel as true, Saltzer failed to demonstrate that the outcome of his sentencing would have been different. *Id.* at 11-12.

## STANDARD OF LAW

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *see also Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

## ANALYSIS

First, the Court must determine whether a certificate of appealability should issue based on the Court's denial Saltzer's Rule 60(b)(6) motion on jurisdictional grounds because it was, in fact, a thinly disguised second and successive § 2255 motion. When a §

2255 motion is denied procedurally, a certificate of appealability is warranted only if reasonable jurists would debate whether the court's procedural ruling was correct and the motion states a valid claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484. Here, the Court has carefully reviewed and considered the authorities and facts that it relied upon in concluding that Saltzer's Rule 60(b)(6) motion was a disguised second and successive § 2255 motion over which the Court lacked jurisdiction. The Court finds that a reasonable jurist could not debate the Court's determination on the issue.

Second, because the Court considered the merits of Saltzer's putative Rule 60(b)(6) motion, it will do so here as well. Like the procedural analysis discussed above, the Court must determine if reasonable jurists would find the Court's decision on the merits of the motion to be debatable or wrong. *Allen*, 435 F.3d at 951. Having carefully reviewed the authorities and facts relied upon in its denial of Saltzer's motion on the merits, the Court concludes that a reasonable jurist could not conclude that the outcome of Saltzer's sentencing would have been different even if all his allegations were true. As such, a reasonable jurist could not conclude that Saltzer's motion presented "extraordinary circumstances" justifying Rule 60(b)(6) relief. Accordingly,

## ORDER

IT IS HEREBY ORDERED:

1. A certificate of appealability **WILL NOT** issue in this case;
2. The Clerk of the Court will transmit a copy of this Memorandum Decision and Order to the United States Court of Appeals for the Ninth Circuit.



DATED: November 29, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge